# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFF SCHIRONE WILLIAMS, | Civil Action No. 13 – 1171 |
| Petitioner, | |
| v. | District Judge David S. Cercone |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| MARIROSA LAMAS, *et al.*, | ECF No. 11 |
| Respondents. | |

## REPORT & RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that Respondents' Motion to Dismiss (ECF No. 11) be granted and that a certificate of appealability be denied.

**II.  REPORT**

Jeff Schirone Williams ("Petitioner") moves this Court for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his June 25, 2007 judgment of sentence imposed at Case No. CC200414658 in the Court of Common Pleas of Allegheny County after a jury found him guilty of the following crimes: Kidnapping, Corruption of Minors, Possession of a Controlled Substance with Intent to Deliver, Possession of a Controlled Substance, and Possession of Drug Paraphernalia. He received an aggregate sentence of fifteen (15) to thirty (30) years imprisonment, which was made to run consecutively to any sentence he already was serving.

1

Petitioner filed a direct appeal, and, after a lengthy appellate process the Pennsylvania Superior Court ("Superior Court") affirmed his judgment of sentence on May 3, 2010. He sought reargument with the Superior Court but it was denied. He did not file a Petition for Allowance of Appeal ("PAA") with the Pennsylvania Supreme Court, nor did he file a petition for state post-conviction relief at that time. He did, however, file a petition for writ of habeas corpus in this Court at Case No. 2:10-cv-936, on July 15, 2010, that was denied by Memorandum Order dated November 15, 2011. Neither this Court, nor the Third Circuit Court of Appeals issued a certificate of appealability.

During the pendency of his habeas proceedings at Case No. 2:10-cv-936, Petitioner filed a timely Post-Conviction Relief Act ("PCRA") petition in the Court of Common Pleas. After giving proper notice, the PCRA court dismissed the petition on April 11, 2012. Petitioner appealed raising five claims, one of which was a claim that he was entitled to four years, three months, and twelve days of time credit.[1] On March 12, 2013, the Superior Court dismissed the claims as moot, meritless, underdeveloped, and/or noncognizable under the PCRA, with the exception of the claim for time credit. Specifically, the Superior Court remanded the case for a hearing on the issue of whether Petitioner should receive time credit on his sentence.

On June 26, 2013, a remand hearing was held on the sole issue of time credit. Petitioner, his stand-by counsel, and the assistant district attorney appeared before the Honorable Kevin G. Sasinoski for the proceeding. At the conclusion of the hearing, the court granted Petitioner time credit from September 17, 2000 to December 29, 2000 (a period of three months and twelve

---

[1] Petitioner was seeking credit for time served in connection with another case; specifically his sentence at CC199193256 for kidnapping and aggravated indecent assault convictions.

days). An order issued granting Petitioner the credit against his sentence, and the credit was reflected in an order titled "SENTENCE MODIFIED 6-26-13 FOR TIME CREDIT."

On August 5, 2013, Petitioner filed an appeal claiming that he was entitled to additional time credit; specifically for the four years from September 17, 1996 to September 17, 2000. On February 20, 2014, the Superior Court affirmed the lower court's order noting that under Pennsylvania law, Petitioner was not "legally entitled to *any* credit for time served on his prior sentence" for which the time served was for "offenses wholly unrelated to the current charges." It further noted that the PCRA court chose to credit Petitioner with three months and twelve days on his current sentence even though it was not legally required to do so and the Commonwealth did not object to this "favorable ruling" on appeal.

On August 14, 2013, while his appeal was pending in the Superior Court, Petitioner initiated the instant habeas corpus proceedings, once again challenging his 2007 judgment of sentence at Case No. CC200414658 in the Court of Common Pleas of Allegheny County. In his petition, he raises five claims, all relating to his underlying conviction. He does not raise a challenge to the PCRA court's refusal to credit him the four years.

Respondents filed a motion to dismiss the petition, which is now pending before the Court. They claim that the instant petition is an unauthorized second or successive petition over which this Court does not have jurisdiction. Specifically, because Petitioner already litigated a habeas petition challenging his 2007 judgment of sentence, and he has not sought and received permission from the Third Circuit Court of Appeals to file a successive petition to challenge this judgment of sentence again, they maintain that this habeas petition is an improperly filed second or successive petition. For the following reasons, the undersigned agrees.

As an initial matter, district courts are prohibited from entertaining second or successive habeas corpus applications unless the appropriate federal court of appeals authorizes such filing. 28 U.S.C. § 2244(b)(3). In this case, it cannot be contested that Petitioner has already challenged his 2007 judgment of sentence in the habeas petition filed in this Court at Case No. 2:10-cv-936. Petitioner argues, however, that the June 26, 2013 modification of his sentence for time credit resulted in a "new judgment" under which he is now confined and therefore the instant habeas petition is not second or successive. In support of his argument he relies on Magwood v. Patterson, 130 S. Ct. 2788 (2010), wherein the United States Supreme Court stated that where "there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all." Id. at 2802 (internal citation omitted). Petitioner, however, has not cited to any case where a court has extended the holding in Magwood to a situation such as his – *i.e.*, where a sentence is modified to reflect credit for time served on a prior sentence and where there is no legal entitlement to that credit under state law. Furthermore, the Magwood Court took pains to limit its holding to the situation before it. *See* Suggs v. United States, 705 F.3d 279, 284-85 (7th Cir. 2013). This is not a situation that is remotely analogous to Magwood.

Magwood involved a prisoner who was sentenced to death. The prisoner challenged his sentence in an application for a writ of habeas corpus. Id. at 2791. The federal district court granted the writ as to his sentence and mandated that he either be released or resentenced. Id. The state trial court then "conducted a full resentencing and reviewed the aggravating evidence afresh" and again sentenced him to death. Id. at 2801. The prisoner filed another application for a writ of habeas corpus in federal court challenging the new sentence, and the Eleventh Circuit held that the challenge to the new sentence was unreviewable because it was a "second or

successive" challenge under § 2244(b). Id. at 2791-92. On appeal, the Supreme Court noted that the new "judgment and sentence [was] the result of a complete and new assessment of all the evidence, arguments of counsel, and law.'" Id. at 2801 (quoting the Sentencing Transcript). The Court then held that "because Magwood's habeas application challenge[d] a new judgment for the first time, it [was] not 'second or successive' under § 2244(b)." Id. at 2792.

Unlike Magwood, Petitioner was not "resentenced." Rather, his sentence was "modified" to reflect credit for time served on a prior sentence. While "[a] resentencing and a modification of sentence may appear to be a distinction without a difference to [P]etitioner, [ ] substantively such difference exists, regardless of whether some courts use the word resentence or the term modification of sentence interchangeably." Cintron-Boglio v. United States, 943 F. Supp. 2d 292, 298 (D.P.R. May 6, 2013) (explaining why "the modification of a sentence is not a full resentencing" with regard to the petitioner's reliance on Magwood in connection with his motion to vacate under 28 U.S.C. § 2255) (citing Dillon v. United States, 560 U.S. 817 (2010)). Indeed, Petitioner was not resentenced for the crimes of which he was found guilty.

Admittedly, no court has squarely addressed the issue of whether modification of a sentence for time credit constitutes a "new" judgment under Magwood, but the undersigned finds that the situation is somewhat akin to correction of a clerical error in a judgment, which courts have found does not result in a new judgment. See Bishop v. Sec'y, Fla. Dep't of Corr., No. 3:13cv118/MCR/EMT, 2013 U.S. Dist. LEXIS 147431, 2013 WL 5596776, at *4-5 (N.D. Fla. Sept. 18, 2013) (citing cases), adopted by Order dated Oct. 10, 2013.

The Supreme Court has stated that a court looks to "the judgment challenged" in order to determine whether a habeas petition is "second or successive." Magwood, 130 S.Ct. at 2797. Here, Petitioner is challenging his 2007 judgment as he did in Case No. 2:10-cv-936. There is

5

nothing to indicate that the 2013 modification of his sentence to reflect time credit affected the finality of his judgment of sentence. Thus, the undersigned concludes that the modification of Petitioner's sentence did not result in a new, intervening judgment under Magwood. Therefore, the instant habeas petition brought pursuant to 28 U.S.C. § 2254 challenging the Court of Common Pleas judgment in Case No. CC200414658 is second or successive for purposes of § 2244 and this Court lacks jurisdiction to hear it absent authorization from the Third Circuit Court of Appeals.

Because Petitioner did not obtain permission from the Third Circuit Court of Appeals to file the instant petition, the Court will grant the Motion to Dismiss and dismiss the petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1).

Finally, the Court should decline to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that this is a second or successive habeas petition. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

For the reasons stated, Respondents' Motion to Dismiss (ECF No. 11) should be granted and a certificate of appealability should be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have

fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: April 14, 2014

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Jeff Schirone Williams
GU-3700
SCI Rockview
PO Box A
Bellefonte, PA 16823
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*