IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFF SCHIRONE WILLIAMS, | ) | |
| | ) | Civil Action No. 2:13-cv-01171 |
| *Petitioner*, | ) | |
| | ) | District Judge David S. Cercone |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MARIROSA LAMAS and THE | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| *Respondents*. | ) | |

**MEMORANDUM ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") entered by Magistrate Judge Lisa Pupo Lenihan on November 21, 2022. (ECF No. 23.) The R&R recommends that Petitioner's Motion for Relief of Judgment (ECF No. 22) be denied and that a certificate of appealability also be denied. Service of the R&R was made on Petitioner by mail at his address of record, and objections were timely filed on December 8, 2022. (ECF No. 24.)

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly challenged through objection. Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The court may also recommit the matter to the magistrate judge with instructions.

In his Objections, Petitioner primarily appears to argue that he is entitled to relief based on the Third Circuit Court of Appeal's decision in Lesko v. Secretary Pennsylvania Department

1

of Corrections, 34 F.4th 211 (3d Cir. 2022). The Court disagrees. Unlike Petitioner, Lesko was granted habeas relief as to his 1981 death penalty sentence and there was no question that he received a new "judgment" after he was resentenced in 1995. More specifically, one of the issues before the Third Circuit was whether Lesko's habeas petition, which challenged both his 1981 guilt-phase trial and his 1995 resentencing, was a second or successive petition with respect to his undisturbed 1981 conviction for which he had not received habeas relief.

In contrast, here, Petitioner did not receive a new sentencing hearing. His sentence was only modified to reflect additional time credit. For substantially the same reasons discussed by the Magistrate Judge in the R&R, the Court finds that this did not amount to a new judgment pursuant to Magwood v. Patterson, 130 S. Ct. 2788 (2010).

To the extent any other objections can be discerned, the Court finds that they do not undermine the Magistrate Judge's recommendation. Accordingly, after a *de novo* review of the record, the following Order is now entered.

**AND NOW** this 18th day of January, 2023,

**IT IS ORDERED** that the R&R (ECF No. 23) is adopted as the Opinion of the Court.

**IT FURTHER IS ORDERED** that the Motion for Relief of Judgment (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**AND IT IS FURTHER ORDERED** that if Petitioner desires to appeal from this Order then he must do so by filing an appeal as provided for in Rule 3 of the Federal Rules of Appellate Procedure and within the time allowed by Rule 4.

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc: Jeff Schirone Williams
GU3700
SCI Rockview
Box A
1 Rockview Place
Bellefonte, PA  16823

Counsel of Record
(Via CM/ECF electronic mail)